# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 1524948 ALBERTA LTD., an Alberta, Canada Corporation d/b/a Terra Marketing Group,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE 1-50, real name(s) unknown, the owner(s), proprietor(s), and/or author(s) of the website known as "bestpennyauctionwebsites.com,"<br><br>    Defendants. | Case No. 2:10 cv 0900 TS<br><br>**ORDER AND MEMORANDUM DECISION GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR EXPEDITED DISCOVERY**<br><br><br>Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

   Before the court is Plaintiff's *Ex Parte* Motion for Expedited Discovery filed September 16, 2010.[1] Plaintiff filed a complaint alleging *inter alia* trademark infringement, trade libel, defamation and intentional interference with contractual relationships. Plaintiff seeks expedited discovery to help facilitate the proper identification and service of the unknown Defendants. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"[2] unless authorized by a court order or agreement of the parties. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of

---

[1] Docket no. 5. Judge Stewart referred this case to the undersigned on September 17, 2010.
[2] Fed. R. Civ. P. 26(d).

showing good cause for the requested departure frmm usual discovery procedures."[3]  After reviewing the Plaintiff's memorandum, the declaration of Karl Kronenberger that is offered in support of the motion,[4] and relevant case law, the court finds that Plaintiff has shown good cause and therefore GRANTS their motion.

Under Rule 26(d) "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."[5]  The traditional sequence of discovery may, however, be altered by the court in the exercise of its broad discretion.  But, the party seeking expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for departing from the usual discovery procedures.[6]  Good cause exists "where a party seeks a preliminary injunction . . . or where the moving party has asserted claims of infringement and unfair competition."[7]  Additionally, good cause is also found "where physical evidence may be consumed or destroyed with the passage of time."[8]

In essence, the unknown Defendants use a website, www.bestpennyauctionwebsites.com (BPAW website), to publish allegedly "false, defamatory and infringing statements and to conduct other unlawful activity targeted at Plaintiff and its website, SwipeBids.com."[9]  Plaintiff makes claims based upon these actions, but despite its best efforts Plaintiff cannot determine the

---

[3] *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003).
[4] Docket no. 7.  Karl Kronenberger is counsel of record for Plaintiff.  He has conducted a number of searches to identify the Defendants but to date, has been "unable to identify Defendants' names and locations."  Decl. p. 2.
[5] Fed. R. Civ. P. 26(d).
[6] *See Pod-Ners, LLC v. Northern Feed & Bean of Lucerne, LLC*, 204 F.R.D. 675, 676 (D.Colo.2002).
[7] *Qwest*, 213 F.R.D. at 419.
[8] *Id.*
[9] Mem. in supp. p. 2.

individuals, owners, operators or authors of this alleged illegal activity. Plaintiff asks this court to allow the issuance of subpoenas to help discover "Defendants' names, street addresses and other contact information so they can be served with process and brought to answer before this Court."[10]

Here, the court finds that good cause exists to permit expedited discovery. Plaintiff raises claims concerning defamation and trademark infringement. Courts often allow discovery into the identities of defendants in cases that have such claims.[11] Additionally, the information Plaintiff seeks is transitory in nature and without such information this case cannot commence. Accordingly, it is hereby

ORDERED that Plaintiff's *Ex Parte* Motion for Expedited Discovery is GRANTED. Plaintiff is permitted to serve subpoenas that seek contact and billing information related to the BPAW website on Internet Service Providers Bluhost and OVH. It is further

ORDERED that Plaintiff may serve subpoenas upon those advertising networks as outlined in its motion to discover the identity of Defendants. These subpoenas may seek the "user data, including origination information, contact and payment information, to identify those Defendants directly responsible for running advertising on the BPAW website as well as the recipient of the revenues realized by BPAW as a result of those advertisements,"[12] but the subpoenas shall not request any revenue amounts. At this time the court is not persuaded that the

---

[10] *Id.* at p. 4.
[11] *See, e.g.*, *Warner Bros. Record Inc. v. Does 1-14*, 555 F. Supp. 2d 1, 1-2 (D.D.C. 2008).
[12] Mem. in Supp. p. 7.

amount of money Defendants received from advertising is necessary for Plaintiff to discovery their identity.  And it is further ordered

ORDERED that Plainitff may serve subpoenas to the social-networking sites Facebook and Twitter to help identify Defendants.  It is further

ORDERED that those entities who want to move to quash any subpoena must do so before the return date of the subpoena, which shall be 30 days from the date of service.  It is further

ORDERED that those entities which timely file a motion to quash shall preserve any subpoenaed information pending the resolution of their motion.  And finally, it is

ORDERED that Plaintiff shall provide each entity upon which a subpoena is served a copy of this Memorandum Decision and Order along with the subpoena.

IT IS SO ORDERED.

DATED this 22nd day of September, 2010.

Brooke C. Wells
United States Magistrate Judge

4